**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION**

| | | |
|---|---|---|
| **DANIEL SCOTT BONEY INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | § § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **TECH MAHINDRA (AMERICAS), INC.** *Defendant.* | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff DANIEL SCOTT BONEY ("Plaintiff" or "Mr. Boney"), by and through his undersigned counsel, files this complaint against Defendant TECH MAHINDRA (AMERICAS), INC. ("Defendant" or "Tech Mahindra"), to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under 29 U.S.C. §§ 201 et seq., and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, for himself and similarly situated employees.

2.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally violated the FLSA as described, *infra*.

3.      Additionally, Plaintiff endured substantial delays in receiving his regular wages—a period exceeding seven months—resulting in financial hardship and credit damage.

4.      Plaintiff brings this collective action under 29 U.S.C. §216(b) on behalf of all similarly situated employees to recover unpaid wages, liquidated damages, attorneys' fees, costs, and all other remedies available under the FLSA.

## PARTIES

5.      Plaintiff DANIEL SCOTT BONEY ("Plaintiff" or "Mr. Boney") is an individual and resident of South Carolina.  During his employment with Defendant, Plaintiff worked as a W-2 employee classified as a consultant, providing remote support from South Carolina to resolve Epic (medical/pharmacy records software) programming issues for Tech Mahindra in Plano, Texas. Plaintiff's employment ended in May 2023.

6.      Defendant TECH MAHINDRA (AMERICAS), INC. ("Defendant" or "Tech Mahindra") is a Delaware corporation with a principal place of business in Plano, Texas and may be served through its registered agent for service.

7.      At all relevant times, Defendant acted as Plaintiff's employer under the FLSA by exercising substantial control over the terms and conditions of his employment.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, and 1391. Defendant's principal place of business is in Plano, Texas, located within the Eastern District of Texas, and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, *et seq*.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business in this District and the events giving rise to the claims occurred in the Eastern District of Texas, Plano Division.

**FACTUAL BACKGROUND**

10.    Plaintiff was employed by Defendant as a W-2 employee classified as a consultant, working remotely from South Carolina to assist with Epic (medical/pharmacy records software) programming and support issues to Defendant's operations in Plano, Texas. As a licensed pharmacist with over 20 years of experience, Mr. Boney possessed knowledge and skills related to the implementation, optimization, and troubleshooting of Epic's Willow pharmacy management module.

11.    Despite being classified as a W-2 employee, Defendant did not compensate him for the overtime hours he worked, even when such hours were pre-approved by his supervisors.

12.    Mr. Boney was hired as a consultant to troubleshoot and resolve complex Epic system issues within the Willow pharmacy module.  As a Willow team manager, his responsibilities included: troubleshooting and resolving system issues; managing projects to enhance system performance; creating and maintaining medication records to ensure compliance with healthcare standards, and applying his pharmacy expertise to ensure accurate reflection of medication protocols, dosages, and standards of care within the Epic system.

13.    Upon information and belief, Plaintiff's immediate supervisor, Mark Reyes, reviewed and approved Plaintiff's timesheets, which were then sent to a project manager based in India for finalization.  Defendant retained full control over the approval of hours worked, overtime payments, and any modifications to submitted timesheets.

14.    Defendant not only failed to compensate Plaintiff for his overtime hours but also at times intentionally altered and reduced his approved overtime hours on timesheets before payroll was finalized, thereby depriving him of earned wages.

15.    Plaintiff regularly worked significant overtime due to a backlog of tickets requiring urgent resolution.  Pharmacist consultants, including Plaintiff, were encouraged to work additional

3

hours because of the large number of outstanding tickets, and were promised that all overtime would be paid.  Defendant engaged in a systematic scheme of encouraging employees, including pharmacists, to work overtime with promises of approval while later manipulating timesheets to remove or reduce overtime hours, thereby evading their obligations under the FLSA and denying Plaintiff and similarly situated employees their legally mandated wages.

16.    Plaintiff's regular rate of pay was $90 per hour, entitling him to an overtime rate of $135 per hour. Based on records available to Plaintiff, he was not compensated for at least 116 hours of approved overtime between February 27, 2023, and May 28, 2023, amounting to at least $15,660.00 in unpaid overtime wages. This period serves as an example of Defendant's ongoing failure to pay overtime wages, as it is the only timeframe for which Plaintiff currently has detailed records. However, throughout his entire period of employment, Plaintiff regularly worked more than 40 hours per week and was never paid the legally required overtime premium of 1.5 times his regular rate for any of those hours (he was only paid $90 per hour despite a large amount of his work exceeding forty hours in a given work week). Defendant's failure to pay proper overtime wages was a continuous and systematic violation of the FLSA.

17.    In addition to the failure to pay overtime, Defendant delayed Plaintiff's regular pay for seven months in 2023, causing financial hardship and significant damage to Plaintiff's credit. Plaintiff was ultimately paid only after persistently following up with Defendant's payroll processor.

18.    Defendant's actions were willful and in bad faith, as evidenced by its intentional manipulation of timesheets and failure to promptly address payment delays.

19.    Mr. Boney regularly worked between 55-60 hours per week and was not paid overtime.  Plaintiff believes and, therefore, alleges that the failure of Defendant to pay Plaintiff and all those similarly situated for overtime pay was intentional.

4

**FLSA COVERAGE**

20.    Defendant is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

21.    Defendant operates as an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1), with annual gross volume sales exceeding $500,000.

22.    Plaintiff and similarly situated employees were non-exempt employees under the FLSA, entitled to overtime pay for hours worked over 40 in a workweek.

23.    During the respective periods of Plaintiffs' employment by Defendant, Plaintiffs provided services for Defendant that involved interstate commerce.

24.    In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

25.    At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**COLLECTIVE ACTION ALLEGATIONS**

26.    Plaintiff brings this action as a collective action under 29 U.S.C. §216(b) on behalf of all similarly situated employees denied overtime pay by Defendant.

27.    The proposed collective class includes all current and former pharmacist employees of Defendant who worked overtime hours but were not paid the required overtime premium during the statutory period.

28.    Defendant's unlawful pay practices were uniform and systematically affected all members of the collective class.

29.    Notice of this collective action should be sent to all potential opt-in plaintiffs to ensure they are informed of their rights under the FLSA.

## CLAIMS FOR RELIEF

**Count 1:** *Failure to Pay Overtime in Violation of the FLSA*

30.    Plaintiff incorporates the preceding paragraphs by reference.

31.    Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff and similarly situated employees an overtime premium of 1.5 times their regular hourly rate for hours worked over 40 in a workweek.

32.    Defendant's actions were willful and not in good faith, entitling Plaintiff and the collective class to liquidated damages under 29 U.S.C. § 216(b).

**Count 2:** *Failure to Pay Timely Wages in Violation of the FLSA*

33.    Plaintiff incorporates the preceding paragraphs by reference.

34.    Defendant violated the FLSA's prompt payment obligations by delaying Plaintiff's regular wages for over seven months.

35.    This delay caused Plaintiff substantial financial harm, further demonstrating Defendant's bad faith.

36.    Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

37.    U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38.     Defendant violated 29 C.F.R. § 778.117 by not including all relevant compensation in Plaintiff's regular rate when calculating his overtime pay.

39.     Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate for all hours worked in excess of 40 hours each week during his entire employment.  Plaintiff consistently worked in excess of 40 hours per week and was never compensated at the proper overtime rate during his employment.

40.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.  Defendant knowingly, willfully, and recklessly disregarded the FLSA's overtime requirements by systematically manipulating payroll records and delaying payments, thereby depriving Plaintiff and similarly situated employees of their earned wages.

41.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

42.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury of any and all issues properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and requests that the Court find in their favor and against Defendant, and that the Court grant Plaintiffs the following relief:

1. Certification of this action as a collective action under 29 U.S.C. §216(b);

2. Unpaid overtime wages in an amount to be determined at trial;

3. Liquidated damages in an amount equal to the unpaid wages;

4. Compensation for damages resulting from delayed wage payments;

5. Statutory penalties as permitted by law for willful violations of the FLSA;

6. Pre-judgment and post-judgment interest;

7. Attorneys' fees, costs, and expenses of litigation; and

8. Such other and further relief as the Court deems just and proper.

Dated:  March 27, 2025                    Respectfully submitted,

By: */s/ Daniel A. Noteware, Jr.*
Daniel A. Noteware, Jr.
State Bar No. 24051123
**NOTEWARE LAW FIRM, P.C.**
100 E. Ferguson, Suite 1206
Tyler, Texas 75702
(903) 747-8245
(903) 730-5151 (Facsimile)
dan@notewarelaw.com

**ATTORNEY FOR PLAINTIFF**
**DANIEL SCOTT BONEY**